UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60768-CIV-COHN/SELTZER

ADAM KARHU, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE DISCOVERY AND AMEND SCHEDULE

**THIS CAUSE** is before the Court upon Defendant Vital Pharmaceuticals, Inc., d/ba/ VPX Sports' Motion to Bifurcate Discovery and Amend Schedule [DE 30]. The Court has considered the motion, Plaintiff's response [DE 31], Defendant's reply [DE 33], the record in this case, and is otherwise fully advised in the premises.

In the instant motion, Defendant moves to bifurcate discovery in this case between discovery related to class certification, and discovery related to the merits of the claims. Defendant further asks the Court to modify the current case schedule for an earlier deadline for Plaintiff's class certification motion, presently set for October 11, 2013. See DE 20.

District courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001). In class-action suits, "the Court may, in the interests of fairness and efficiency, order discovery on issues of class certification while

postponing class-wide discovery on the merits." Physicians Healthsource, Inc. v. Anda, Inc., No. 12-60798-CIV-ROSENBAUM, 2012 WL 7856269, at *1 (S.D. Fla. Nov. 27, 2012) (citing Washington v. Brown & Williamson Tobacco Corp., 959 F.2d 1566, 1570-71 (11th Cir. 1992)).  However, a scheduling order, such as the one in this case, may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Here, Defendant's argument for bifurcation of discovery and for amendment of the scheduling order is as follows:

> Plaintiff should not be allowed to conduct a fishing expedition for the purposes of seeking information to determine if he truly filed an appropriate class action complaint. . . . Plaintiff should not be allowed months and months to fish for evidence via potentially multiple discovery requests and depositions to simply determine if his claims are common and typical to those of other purported class members – if Plaintiff filed this complaint as a class action, Plaintiff should already have adequate evidence to establish commonality and typicality, and especially adequacy of representation.

DE 30 at 3.  Defendant does not explain why it would be fairer or more efficient to bifurcate discovery.  Nor does Defendant indicate specifically what type of information Plaintiff is seeking from Defendant that is merits-related and would impose a significant burden on Defendant to produce.  Defendant's bare assertion that Plaintiff is attempting to engage in a fishing expedition is insufficient to support the relief requested.  Accordingly, because Defendant has failed to show good cause for bifurcating discovery or amending the scheduling order, the motion will be denied.  It is thereupon

**ORDERED AND ADJUDGED** that Defendant's Motion to Bifurcate Discovery and Amend Schedule [DE 30] is **DENIED**.

2

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of August, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF.