UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60768-CIV-COHN/SELTZER

ADAM KARHU, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

VITAL PHARMACEUTICALS, INC., d/b/a VPX
SPORTS,

    Defendant.
_____/

## ORDER DENYING MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Motions to Exclude the Expert Testimony of Plaintiff's Experts [DE 119] ("Motion"). The Court has reviewed the Motion and Defendant's Opposition [DE 123], and is otherwise advised in the premises.

On September 3, 2013, the Court amended its Scheduling Order in this action. DE 39. Among other revisions, the Court set a January 31, 2014, deadline for "Motions to Exclude or Limit Expert Testimony." Id. at 2. On February 10, 2014, ten days after the deadline for motions to exclude expert testimony had expired, Defendant Vital Pharmaceuticals, Inc. ("VPX") filed three motions to exclude the testimony of Plaintiff Adam Karhu's experts. DE 116–18 ("Motions to Exclude"). Three days later, Karhu filed the Motion now before the Court, seeking to strike each of the Motions to Exclude as untimely. DE 119.

Karhu correctly characterizes the Motions to Exclude as untimely filed. The deadline for motions to exclude expert testimony was January 31, 2014, DE 39, and

VPX filed the Motions to Exclude after that deadline. VPX counters that its Motions to Exclude are really motions *in limine*, thus they should be considered timely under the Court's March 21, 2014, deadline for motions *in limine*. DE 123 at 2–3. The Court's initial Scheduling Order, however, draws a clear distinction between motions to exclude expert testimony and motions *in limine* relating to other varieties of evidence. See DE 20 at 2. The Court thus rejects VPX's contention that the deadline for motions *in limine*, and not the deadline for motions to exclude expert testimony, applies to the Motions to Exclude.

Nevertheless, the Court will not strike VPX's untimely Motions to Exclude. As a general rule, a party must abide by the deadlines set forth in a court's scheduling order unless it can show good cause for modification of the order. Fed. R. Civ. P. 16(b)(4), (d). VPX, however, represents that its failure to meet the Court's deadline for the filing of motions to exclude expert testimony was inadvertent. See DE 123-1. Given the absence of an intentional disregard for the Court's Scheduling Order, the relatively short period of ten days by which the Motions to Exclude were untimely, the absence of any real prejudice to Karhu arising from this delay, and the Court's strong preference for resolving actions on the merits upon a complete record, the Court will excuse VPX's tardy filing of the Motions to Exclude, and will not strike them. See generally Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392–95 (1993) (discussing excuse of failure to meet court-ordered deadlines).

It is accordingly **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike Defendant's Motions to Exclude the Expert Testimony of Plaintiff's Experts [DE 119] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall file any response to the Motions to Exclude [DE 116–18] on or before **March 24, 2014**. Defendant shall file any Reply in further support of the Motions to Exclude on or before **March 27, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of March, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF