UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60768-CIV-COHN/SELTZER

ADAM KARHU, on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

VITAL PHARMACEUTICALS, INC., d/b/a VPX
SPORTS,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration of the Court's Order Denying Class Certification Pursuant to Fed. R. Civ. P. 23(c)(1)(C) [DE 143] ("Motion"). The Court has reviewed the Motion, Defendant's Opposition [DE 145], Plaintiff's Reply [DE 149], Plaintiff's Notice of Supplemental Authority [DE 146], and the record in this case, and is otherwise advised in the premises.

**I.**    **BACKGROUND**

Defendant Vital Pharmaceuticals, Inc. ("VPX") is a Florida corporation that manufactures and markets a dietary supplement called VPX Meltdown Fat Incinerator ("Meltdown"). DE 114 ¶¶ 1, 7. VPX advertises that consumers can use Meltdown to "burn fat" and achieve rapid fat loss. Id. ¶ 1. Plaintiff Adam Karhu, a New York resident who purchased Meltdown, claims that the product is ineffective for its advertised purpose. Id. ¶¶ 1, 5–6. On April 3, 2013, Karhu filed this lawsuit to recover damages based upon VPX's alleged false advertisements, and to enjoin any further misrepresentations. See generally DE 1. Karhu asserted the following claims:

(1) breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*; (2) breach of express warranty; (3) unjust enrichment; (4) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; and (5) violation of New York General Business Law § 349. DE 114 ¶¶ 34–109.

Karhu styled his case as a class action, purporting to sue on behalf of all persons in the United States who purchased Meltdown for purposes other than resale since April 4, 2008. DE 70 at 2; DE 114 ¶ 28. On March 3, 2014, however, the Court entered an order (the "Order") denying Karhu's Motion for Class Certification. DE 125. On March 31, 2014, Karhu responded with the instant Motion, seeking reconsideration of the Court's denial of class certification. See DE 140.

## II.  LEGAL STANDARD

Reconsideration of a prior order is an "extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A motion for reconsideration is not a tool for relitigating what a court has already decided. See Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Rather, the motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotation marks omitted). "Three major grounds justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Jones v. Jeld-Wen, Inc., No. 07-22328, 2008 U.S. Dist. LEXIS 59600 at *3 (S.D. Fla. July 24, 2008); accord Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004).

III. **DISCUSSION**

Karhu raises four main arguments for the reconsideration of the Order. First, Karhu contends that newly discovered evidence regarding the nature of VPX's sales alters the class-certification analysis. Second, Karhu asserts that the Court's consideration of difficulties in identifying class members presents a clear error of law. Karhu also takes issue with the weight the Court accorded to its manageability concerns, and suggests that denying relief in this case would result in manifest injustice. Finally, Karhu argues that the Court should have certified a class action on behalf of a sub-class of New York consumers. The Court rejects each of these arguments for reconsideration, and will deny the Motion.

A. **Karhu Has Not Presented Newly Discovered Evidence**

In its Order, the Court found that the difficulty of identifying Meltdown purchasers posed a hurdle to class certification. DE 125 at 5–6, 20. In the Motion, Karhu now argues that newly discovered information about Meltdown sales relieves the Court's concerns of such difficulties. Karhu represents that fewer than five hours before he filed his motion for class certification, VPX produced new evidence in the form of Meltdown sales data showing sales to third-party retailers. DE 143 at 6–8. Karhu believes that these retailers will have records of individual purchasers who bought Meltdown on the internet or with credit or debit cards, which could be used to ascertain the identities of class members. Karhu contends that this new evidence suggesting alternative avenues of identifying Meltdown purchasers justifies reconsideration of the Court's denial of class certification. Id.

However, the late-produced records of Meltdown sales are not newly discovered evidence, because they were available to Karhu before he filed his motion seeking class

3

certification. Karhu argues that he only received the complete records five hours before he filed his class-certification motion. Id. at 4. However, Karhu's filings illustrate that he knew of Meltdown sales to third-party retailers days before he filed his class-certification motion. See DE 70-15 at 4; DE 143 at 4. Indeed, Karhu filed spreadsheets reflecting Meltdown sales to third-party retailers in support of his class-certification motion, and his damages expert incorporated this information into his expert report in support of class certification. See DE 70-15 Ex. 2. Karhu was aware of Meltdown sales to third-party retailers well before he filed his class-certification motion, and nothing prevented him from arguing at that time that the retailers' records would provide an additional avenue of identifying Meltdown purchasers. The Court thus finds that Karhu's evidence of Meltdown sales to third-party retailers is not "newly discovered" and does not justify reconsideration of the Court's denial of class certification. See Williams, 320 F. Supp. 2d at 1357–58.

### B. Karhu Has Not Demonstrated Clear Error

Karhu next contends that reconsideration of the Order is necessary to correct clear error. DE 143 at 8. Karhu argues that the Court applied an incorrect legal standard in determining that his proposed class was not clearly ascertainable. Id. at 8–9. Karhu argues that within the Eleventh Circuit, "ascertainability" refers to the need for a precise class definition, and not the feasibility of identifying individual class members. Id. at 9. Karhu thus contends that the Court clearly erred when it considered the practical feasibility of identifying class members in ruling upon the ascertainability of his proposed class. Id. at 9–10.

The Court recognizes that federal courts throughout the United States have taken differing approaches to the substance of the ascertainability requirement for class

4

certification. Compare Carrera v. Bayer Corp., 727 F.3d 300, 307–12 (3d Cir. 2013), with Werdebaugh v. Blue Diamond Growers, No. 12-2724, 2014 U.S. Dist. LEXIS 71575 at *33–41 (N.D. Cal. May 23, 2014) (discussing state of ascertainability requirement in Ninth Circuit). The Eleventh Circuit, however, has held that one aspect of a clearly ascertainable class is that the identification of class members is administratively feasible. Bussey v. Macon Cnty. Greyhound Park, Inc., __ F. App'x __, No. 13-12733, 2014 U.S. App. LEXIS 6067 at *13–16 (11th Cir. Apr. 2, 2014) (per curiam). The Court thus rejects Karhu's contention that it committed clear error when it raised its concern with administrative difficulties in identifying members of Karhu's proposed class in its discussion of ascertainability. See DE 125 at 5–6.[1]

### C. Karhu Does Not Establish "Manifest Injustice" Justifying Reconsideration of the Order

Karhu also asserts that the Court erred because its manageability concerns were insufficient to justify the denial of class certification. Id. at 10–13,14–15. This portion of the Motion, however, does not rest upon an intervening change in law, new evidence, or the need to correct clear error. Moreover, though Karhu phrases these arguments in terms of the findings that are needed to avoid "manifest injustice," a review of the papers shows that Karhu merely voices his disagreement with the weight the Court accorded to each of the factors motivating its decision to deny class certification, and his displeasure with the result that VPX may not be held accountable in this particular

---

[1] The Court further notes that its concerns regarding the identification of class members also factored into its determination that a class action is not a superior method of adjudicating the claims in this suit under Rule 23(b)(3) of the Federal Rules of Civil Procedure. See id. at 20. But whether termed an aspect of ascertainability or Rule 23 superiority, the difficulties posed by identifying class members were appropriate for the Court's consideration in determining whether to certify Karhu's proposed class.

5

lawsuit for its alleged misconduct. See DE 149 at 4–5. Such arguments do not reflect a real potential for manifest injustice, and rather evidence an attempt to re-litigate issues already determined by the Court. Because a motion for reconsideration is not a tool for relitigating what has already been decided (see Reyher, 900 F. Supp. at 430), these arguments cannot support a grant of reconsideration. See Williams, 320 F. Supp. 2d at 1357–58.

### D. Karhu Has Not Established the Propriety of a New York Sub-class

Finally, Karhu argues that the Court should have certified this action on behalf of a sub-class of Meltdown purchasers from New York. DE 143 at 13–14. Karhu suggests that the Court all but conceded that the certification of a class action solely on behalf of New York consumers could move forward, but unreasonably refused to certify the action even for that narrower group of individuals. The record in this case, however, tells a different story.

Karhu brought this action as a nationwide consumer class action. As the plaintiff, Karhu bore the burden of establishing that class certification was proper. See Heaven v. Trust Co. Bank, 118 F.3d 735, 737 (11th Cir. 1997). In his papers, however, he provided no meaningful analysis of the substantial variations in the state laws applicable to each of his claims, and simply urged the Court to look past whatever differences might exist. See DE 70 at 15–18; DE 93 at 8–9. Taking together the individualized inquiries posed by variations in the applicable state laws and the administrative difficulties of identifying members of the proposed class, the Court determined that Karhu had failed to satisfy his burden of establishing the propriety of class certification. DE 125 at 12–18. At the same time, however, the Court acknowledged that Karhu's claims would face fewer obstacles to class

certification if he brought the claims only on behalf of his fellow New York consumers under New York law. Id. at 20.

Karhu has now seized upon the Court's acknowledgment that the New York sub-class is less problematic than his proposed nationwide class to argue that the Court erred by failing to certify a class action on behalf of only New York consumers. DE 143 at 13–14. However, Karhu has not established in his class-certification or reconsideration papers that certification of a New York sub-class for his claims would be appropriate, even were the Court to revisit its determination that difficulties in identifying individual class members weigh against certification. For example, certain of Karhu's claims under New York law would appear to require individualized factual inquiries in relation to each class member, weighing against class certification under Rule 23(b)(3). See Weiner v. Snapple Beverage Corp., No. 07-8742, 2010 U.S. Dist. LEXIS 79647 at *35–37 (S.D.N.Y. Aug. 3, 2010) (rejecting certification for New York express-warranty claim because reliance element under New York law called for individualized inquiries). In short, the burden is on Karhu to show that class treatment is desirable, and he has not met this burden even with respect to a New York sub-class. See Heaven, 118 F.3d at 737.

## IV. CONCLUSION

Karhu has failed to establish grounds for reconsideration of the Court's denial of class certification. Karhu's newly discovered evidence of Meltdown sales to third-party retailers was not in fact "newly discovered." The Court did not clearly err when it considered the administrative feasibility of identifying class members in arriving at its decision to deny class certification. Karhu has not shown that the denial of class certification resulted in manifest injustice that would justify reconsideration. Nor has

Karhu shown that the Court erred by declining to certify a class action only on behalf of New York consumers. It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of the Court's Order Denying Class Certification Pursuant to Fed. R. Civ. P. 23(c)(1)(C) [DE 143] is **DENIED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Request for Oral Argument on Its Motion for Reconsideration of the Court's Order Denying Class Certification Pursuant to Fed. R. Civ. P. 23(c)(1)(C) [DE 151] is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2014.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF